UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW DEPAOLO, ET AL.,** | ) | **CASE NO.1:05CV944** |
| | ) | **1:05CV945** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BRUNSWICK HILLS POLICE DEPT.,** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Good, Bodovetz, Clark, and Shenkel's Unopposed Motion for Summary Judgment. For the following reasons, the Court grants Defendants' Motion.

**FACTS**

The claims in Plaintiffs' Amended Complaints arise from the arrest of Plaintiff Steven DePaolo. On April 13, 2004, law enforcement officers from various federal and state law enforcement agencies entered the home of Plaintiffs Andrew and Vivian DePaolo, parents of Steven DePaolo. The entry was effectuated by breaking down Plaintiffs' front door. The entry

1

into Plaintiffs' home was made pursuant to local arrest warrants for Plaintiffs Steven DePaolo and Anne Grunder on suspicion of felony drug trafficking. Plaintiffs' Amended Complaints allege the Plaintiffs Andrew and Vivian DePaolo were ordered, at gunpoint, to put up their hands and sit on a couch. They were then questioned as to the whereabouts of their son Steven.  When they asked to see the warrants they were denied.  The officers entered the bedroom occupied by Steven DePaolo and Anne Grunder.  The officers allegedly dragged Steven DePaolo out of bed and forced Anne Grunder, at gunpoint, out of bed.  Both Steven and Anne were naked.  The Complaint alleges that the officers refused to allow Ms. Grunder to dress for ten to twenty minutes, requiring that she stand naked in front of the male officers.  The officers then physically dressed Ms. Grunder and Steven DePaolo.  Steven Depaolo was under house arrest at the time and was being electronically monitored.

The Plaintiffs' Amended Complaints alleges tort claims under Ohio law for assault, battery, violations of Fourth, Eighth, and Fourteenth Amendments brought under 42 U.S.C. §1983 and undesignated state laws, unlawful search and seizure, unreasonable force, failure to train and/or supervise, violation of Fifth Amendment due process, negligence, wanton and reckless conduct, dereliction of duty, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, inflicting terror and additional claims.

This Court has already dismissed the tort claims against these named Defendants and dismissed those claims that seek damages against Defendants in their official capacity.

### **STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is not material unless it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id.* When no reasonable jury could return a verdict for the non-moving party, no genuine issue exists for trial. *Id.* However, in evaluating a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the non-moving party. *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097-98 (6th Cir. 1994).

## ANALYSIS

Defendants present the following arguments militating in favor of summary judgment in Defendants' favor.

1) Individual federal defendants are not proper parties under 42 U.S.C. §1983.

2) All agents are protected from suit by qualified immunity.

3) All agents were not served in their individual capacities and this Court, therefore, lacks *in personam* jurisdiction.

4) Plaintiff has failed to present facts that a constitutional violation has been committed by the specific individual defendants pursuant to *Siegert v. Gilley,* 500 U.S. 226, 231 (1991).

Plaintiff has failed to offer any response or rebuttal evidence to the above defenses. Defendants have supported their motion with affidavits from the named individual defendants.

## 42 U.S.C. § 1983

Section 1983 provides a civil cause of action against any person who, under color of state law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To succeed on a claim under § 1983, a plaintiff must demonstrate two elements: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was caused by a person acting under color of state law. *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001).

However, even if a plaintiff proves these two elements, a defendant police officer sued in his individual capacity may raise the affirmative defense of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. *Id.* at 818.

## Qualified Immunity

Qualified immunity analysis involves a two-step inquiry. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). First, the court must determine whether the facts viewed in the light most favorable to plaintiff show that a constitutional violation has occurred. *See Id.* at 201. Second, if the court finds a violation, it then must determine whether the violation involved clearly established constitutional rights of which a reasonable person would have known. *See Id.* at 201-02. Only if the answer to both questions is yes may an officer's defense of qualified immunity be denied. *See Id.* at 202.

## Clearly established rights

In this analysis, those rights must have been "'clearly established' in a more

4

particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

To determine whether a constitutional right is "clearly established," the Court must look first to decisions of the Supreme Court, then to decisions of the Sixth Circuit and other courts within the circuit, and then to decisions of other circuits. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

In the treatise *Civil Rights and Civil Liberties*, Sheldon Nahmod has addressed how a court should handle such a situation. Nahmod wrote:

> If the trial court on summary judgment motion finds that there are genuine issues of material fact in dispute and that these issues preclude a decision on the qualified immunity question, then it denies the summary judgment at that time. Thereafter, when the parties have submitted all of their evidence at trial, the defendant can move for directed verdict on qualified immunity grounds. If there are no disputed issues of fact relating to qualified immunity, then the trial court makes the qualified immunity decision at that time. If there remain disputed issues relating to qualified immunity, there are two options...The better approach is the following: the trial court denies the motion for directed verdict and instructs the jury in the alternative as follows: if the jury finds the facts one way, then it must find the defendant liable; and if it finds the facts another way, then it must find the defendant not liable. This limited role for the jury assures that it decides factual issues within *its* province, while the trial court decides legal issues involving the question of whether the defendant reasonably believed his conduct was lawful, which is within *its* province.

Sheldon Nahmod. "Qualified Immunity for 'Persons': An Affirmative Defense" in *Civil Rights and Civil Liberties*, pages 8-112 – 8-113.

Plaintiffs have provided no evidence to rebut Defendants' evidence that violations of

5

Plaintiffs' rights occurred, nor have Plaintiffs offered any case law demonstrating violations of clearly established rights in cases of similar facts and circumstances, nor have Plaintiffs offered rebuttal evidence that the individually named federal defendants engaged in activities that violated Plaintiffs' constitutional rights.  This Court is presented with no genuine issues of material fact and summary judgment is appropriate as a matter of law.

Therefore, the Court grants summary judgment for movants on all claims.

IT IS SO ORDERED.


_2/1/06_____                               /s/ Christopher A. Boyko
Date                                         CHRISTOPHER A. BOYKO
                                             United States District Judge
                                             Original signature on file